## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### MIDLAND-ODESSA DIVISION

| | |
|---|---|
| FRIENDSHIP IP PROTECTION LLC, | |
| Plaintiff, | Civil Action No.  7:25-cv-00577-DTG |
| v. | **JURY TRIAL DEMANDED** |
| META PLATFORMS, INC., INSTAGRAM, LLC, and WHATSAPP LLC, | |
| Defendants. | |

## PLAINTIFF FRIENDSHIP IP PROTECTION LLC'S OPPOSITION TO DEFENDANTS' <u>MOTION TO DISMISS UNDER RULE 12(b)(6)</u>

# TABLE OF CONTENTS

I.      LEGAL STANDARD .................................................................................... 2

II.    THE COMPLAINT PLAUSIBLY ALLEGES INFRINGEMENT OF EACH ASSERTED PATENT ................................................................................ 3

       A.     THE COMPLAINT ADEQUATELY PLEADS INFRINGEMENT OF THE '003 PATENT ........ 3

            1.     The Complaint Identifies Accused Platforms and Functionality ................ 3

            2.     Meta Improperly Demands Element-by-Element Proof ............................ 4

            3.     The Complaint Plausibly Alleges "Friends of a Friend" Identification ................................................................................ 5

       B.     THE COMPLAINT ADEQUATELY PLEADS INFRINGEMENT OF THE '796 AND '650 PATENTS ................................................................................ 6

III.   THE CASES CITED BY META ARE INAPPOSITE .................................................... 10

IV.   AT A MINIMUM, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND ................................................................................ 13

V.     CONCLUSION ................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ALD Social v. Google LLC,*
No. WA-22-CV-972-FB, 2023 WL 3184631 (W.D. Tex. Mar. 17, 2023) ......................... 10, 11

*AlexSam, Inc. v. Aetna, Inc.,*
119 F.4th 27 (Fed. Cir. 2024) .................................................................................... 3, 4, 7

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ..................................................................................................... 2

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ..................................................................................................... 2

*Bot M8 LLC v. Sony Corporation of America,*
4 F.4th 1342 (Fed. Cir. 2021) ...................................................................................... 3

*Contiguity, LLC v. Conduent Bus. Servs., LLC,*
No. W-23-CV-00038-XR, 2024 WL 252068 (W.D. Tex. Jan. 22, 2024) ........................... 11, 12

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.,*
888 F.3d 1256 (Fed. Cir. 2018) .................................................................................... 2

*Encoditech, LLC v. Citizen Watch Company of America, Inc.,*
2019 WL 2601347 (W.D. Tex. June 25, 2019) ................................................................ 4

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,*
313 F.3d 305 (5th Cir. 2002) ........................................................................................ 13

*HourExchange, LLC v. Student Loan Benefits, Inc.,*
No. 1:22-CV-00356-RP, 2023 WL 139150 (W.D. Tex. Jan. 9, 2023)................................... 12

*Nalco Company v. Chem-Mod, LLC,*
883 F.3d 1337 (Fed. Cir. 2018) .................................................................................... 2, 4

**Rules**

Fed. R. Civ. P. 15(a)(2)................................................................................................ 13

Plaintiff Friendship IP Protection LLC ("Friendship IP") respectfully submits this opposition to Defendants' Motion to Dismiss under Rule 12(b)(6). Defendants Meta Platforms, Inc., Instagram, LLC, and WhatsApp LLC (collectively, "Meta") seek dismissal of Friendship IP's Complaint for patent infringement. The motion should be denied.

Meta's motion attempts to impose an improperly heightened pleading standard that is inconsistent with Federal Circuit precedent governing patent complaints. The Complaint plausibly alleges infringement of three patents and provides detailed factual allegations describing Meta's accused platforms and their functionality.

Meta's motion is notably narrow. Across three asserted patents, Meta challenges only two claim limitations: (1) the "friends of a friend" limitation in claim 1 of the '003 patent, and (2) the "user-viewable display of a social network" limitation in claims 1 of the '796 and '650 patents. Dkt. 25 at 3-7. Both limitations, however, are addressed in the Complaint.

For the '003 patent, the Complaint alleges that Meta's platforms allow users to invite friends to participate in multiple social networks and to view profile information—including the friends of those invited users—thereby satisfying the "friends of a friend" limitation. Dkt. 1 ¶¶ 102-06. For the '796 and '650 patents, the Complaint includes multiple screenshots showing friend lists, relationship profiles, and social connection interfaces—each depicting a "user-viewable display of a social network." *Id*. ¶¶ 62, 82, 102.

Meta's arguments depend on overly narrow interpretations of claim language and impermissibly demand element-by-element proof at the pleading stage. Any dispute regarding whether these features satisfy the claim limitations is a matter for claim construction and the merits—not Rule 12(b)(6).

Further, Meta's own cited standard—that a complaint must "plausibly suggest that the accused product meets each limitation," Dkt. 25 at 2—does not require a separate factual paragraph labeled for each claim element or a detailed claim chart. Rather, the complaint must contain factual allegations that, taken together and with all reasonable inferences drawn in the plaintiff's favor, make infringement plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint exceeds that standard, and Meta's motion should be denied.

## I. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable. *Ashcroft*, 556 U.S. at 678.

At this stage, the Court must accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Nalco Company v. Chem-Mod, LLC*, 883 F.3d 1337, 1347 (Fed. Cir. 2018).

The Federal Circuit has repeatedly held that patent complaints are governed by the same plausibility standard as other civil actions. In *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, the Federal Circuit held that a complaint sufficiently stated a claim where it identified the accused products and alleged that those products practiced the asserted patents: "Disc Disease's allegations are sufficient under the plausibility standard of *Iqbal/Twombly*… The complaint specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet 'each and every element of at least one claim' of the asserted patents." 888 F.3d 1256, 1260 (Fed. Cir. 2018).

Similarly, the Federal Circuit has clarified that plaintiffs are not required to plead detailed claim charts or prove infringement at the pleading stage. In *AlexSam, Inc. v. Aetna, Inc.*, the court explained: "A plaintiff is not required to plead infringement on an element-by-element basis." *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 42 (Fed. Cir. 2024) (quoting *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342, 1352 (Fed. Cir. 2021)). Rather, the complaint must contain factual allegations sufficient to make infringement plausible.

## II. The Complaint Plausibly Alleges Infringement of Each Asserted Patent

Friendship IP's Complaint identifies specific accused platforms, describes their operation, and explains how those systems implement the claimed social-network functionality of the asserted patents. These allegations more than satisfy the plausibility standard.

### A. The Complaint Adequately Pleads Infringement of the '003 Patent

#### 1. The Complaint Identifies Accused Platforms and Functionality

Meta argues that the Complaint improperly "collapses" two limitations – a "storing" limitation and a "friends of a friend" limitation – "into a single, undifferentiated discussion that addresses only the 'storing' limitation, entirely ignoring the 'friends of a friend' limitation." Dkt. 25 at 3. Meta does not challenge the plausibility of the "storing" limitation but rather argues the Complaint fails to adequately plead the "friends of a friend" limitation and "leaves Plaintiff without any allegations to support an essential limitation of the asserted claim." *Id*. at 3-5. This is argument mischaracterizes the Complaint.

The Complaint sufficiently identifies the accused platforms and functionality to satisfy the plausibility standard of *Iqbal/Twombly* as outlined in *Disc Disease*. Namely, the Complaint identifies multiple accused systems—including Facebook, Instagram, Threads, WhatsApp, and Meta Horizon—that implement cross-platform digital social networks and asserts they "are capable of performing at least Claim 1 of the '003 Patent literally or under the doctrine of

equivalents." Dkt. 1 ¶¶ 8, 9, 18, 96. The Complaint further notes that the "'003 [Patent's] Accused Functionalities include those computing devices and software utilized by Defendants to operate computer-based digital social networks that allow certain users of one digital social network to participate in a second digital social network." *Id.* ¶ 98.

These allegations are supported by screenshots of publicly available Meta documentation related to the accused platforms and analysis as to how such documentation is relevant to the asserted claims. *Id.* ¶¶ 50-115. Thus, identifying the accused products and alleging that they practice the asserted patents satisfies pleading requirements under *Disc Disease*. Courts in this District have likewise held that identifying accused products and alleging that they satisfy the claim limitations is sufficient to state a claim. *See Encoditech, LLC v. Citizen Watch Company of America, Inc.*, 2019 WL 2601347 at *4 (W.D. Tex. June 25, 2019).

### 2.  Meta Improperly Demands Element-by-Element Proof

Meta's argument effectively demands claim-chart-level detail in the Complaint. That is not required.

As the Federal Circuit explained in *AlexSam*, plaintiffs need not plead infringement on an element-by-element basis. *AlexSam*, 119 F.4th at 42. Rule 12(b)(6) is not intended to resolve the merits of infringement allegations. The Federal Circuit has also emphasized that the purpose of Rule 12(b)(6) is simply to determine whether a complaint plausibly states a claim—not to evaluate the likelihood of success. In *Nalco*, the court explained that the "purpose of a motion to dismiss is to *test the sufficiency of the complaint, not to decide the merits*" and that the plausibility standard "does not impose a probability requirement at the pleading stage." *Nalco*, 883 F.3d at 1350 (emphasis in original). Meta's attempt to impose a higher pleading standard should therefore be rejected.

### 3. The Complaint Plausibly Alleges "Friends of a Friend" Identification

Even though a plaintiff is not required to plead infringement on an element-by-element basis, the Complaint has plausibly alleged the "friends of a friend" limitation. Specifically, the Complaint alleges that Meta's platforms allow users to: invite friends, connect with friends, and interact with friends across multiple social networks, which Meta does not challenge. Dkt. 1 ¶¶ 102-06. These allegations relate to the claimed feature for enabling identification of "friends of a friend" as supported by the following figure in the Complaint:



A Crash-Course in Graph Structure

The Facebook graph is the collection of entities and their relationships on Facebook. The entities are the nodes and the relationships are the edges. One way to think of this is if the graph were represented by language, the nodes would be the nouns and the edges would be the verbs. Every user, page, place, photo, post, etc. are nodes in this graph. Edges between nodes represent friendships, check-ins, tags, relationships, ownership, attributes, etc.

Both nodes and edges have metadata associated with them. For example, the node corresponding to me will have my name, my birthday, etc. and the node corresponding to the Page Breville will have its title and description as metadata. Nodes in the graph are identified by a unique number called the *fbid*.

The Facebook graph contains social information, such as friendships and likes, in addition to information relevant for everybody–e.g., the relationship between Queen Elizabeth and George VI and the history of Star Wars. This blend of general information and social context in a single graph makes Facebook a rich source of content, and a unique data set.

*Id.* ¶ 105. Meta argues that "[n]othing in this figure has anything to do with friends of a friend" or "enabling other users to identify friends of a friend from a first digital social network." Dkt. 25 at 4-5. However, this figure teaches "[t]he Facebook graph contains social information, such as friendships," "[t]he Facebook graph is a collection of entities and their relationships," "[t]he

entities are nodes and the relationships are the edges," and that the "[e]dges between nodes represent friendships," Dkt. 1 ¶ 105. These allegations plausibly correspond to the claimed "friends of a friend" feature as the Facebook graph provides the ability for users to identify social information of their friends, including the friends of their friends, with the edges between nodes that represent friendships. Indeed, a person of ordinary skill in the art ("POSITA") would understand that identifying the friends of another user through that user's profile is a well-known feature of Meta's social platforms at the time of the Complaint. Such functionality plausibly corresponds to the claimed "friends of a friend" identification feature.

Meta also faults the above figure for being cited from a 2013 Facebook whitepaper describing the graph architecture, arguing the paper "predates" Meta Horizon (launched in 2019) and therefore "could not possibly shed light" on whether Horizon provides the claimed feature. Dkt. 25 at 4-5. This argument misunderstands the role of the cited technical document. The 2013 whitepaper is cited as evidence of the underlying graph architecture that Meta has used to represent and store social relationships across its platforms—an architecture that continues to underpin Meta's current systems. The Complaint does not rely solely on this historical documentation and presents exemplary screenshots of user profiles that display the "friends of a friend" relationships that is common to Horizon and Meta's other accused platforms. *See e.g.*, Dkt. 1 ¶¶ 61, 62, 82, 84, 85; ("***Defendants' platforms***, including Facebook, ***are presented with displays of*** both a social network and, moreover, ***actual relationships within that network***, including as shown below.") *Id*. at ¶ 82 (emphasis added).

**B. The Complaint Adequately Pleads Infringement of the '796 and '650 Patents**

Meta also argues that the Complaint fails to identify a "user-viewable display of a social network." Dkt. 25 at 5, 7. That argument is contradicted by the plausibility standard of *Iqbal/Twombly* and the Complaint itself. First, the Complaint identifies the same accused systems

noted previously with respect to the '003 Patent—including Facebook, Instagram, Threads, WhatsApp, and Meta Horizon—that implement cross-platform digital social networks and "are capable of performing at least Claim 1 of the '796 Patent literally or under the doctrine of equivalents" and "are capable of performing at least Claim 1 of the '650 Patent literally or under the doctrine of equivalents." Dkt. 1 ¶¶ 8, 9, 18, 50, and 74. The Complaint further notes that the Accused Functionalities of the '796 and '650 Patents include "the computing devices and software utilized by Defendants to operate online platforms that embed and present displays of digital social media relationship networks" and "those computing devices and software utilized by Defendants to operate a client computer connected to a digital social relationship network" respectively. *Id*. ¶¶ 52, 76. These allegations are supported by screenshots of publicly available Meta documentation related to the accused platforms and analysis as to how such documentation is relevant to the asserted claims. *Id.* ¶¶ 49-94. Again, identifying the accused products and alleging that they practice the asserted patents satisfies pleading requirements under *Disc Disease*. An "element-by-element" infringement analysis is not required at the pleading stage. *AlexSam*, 119 F.4th at 42.

Second, even though an element-by-element infringement analysis is not required, the Complaint does in fact plausibly allege a "user-viewable display of a social network." The Complaint includes screenshots showing: Facebook friend lists, relationship profiles, social relationship selection interfaces, and a "Follow people you know" feature:





*See e.g.*, Dkt. 1 ¶¶ 62, 102. These displays appear on both desktop interfaces and mobile devices and show users the relationships within their social networks. Such displays plainly constitute "user-viewable displays of a social network."

Meta ignores these screenshots, only focuses on the screenshot reproduced below from the Complaint, and argues "nothing in that figure indicates what information received by the client (if anything) is actually displayed to the user":



Dkt. 25 at 6. That argument mischaracterizes the figure. First, the figure explicitly depicts a client device through which a user interacts with the Facebook network. As shown on the left side of the figure, the diagram identifies a "Client" device—illustrated as a smartphone—that communicates with Facebook's infrastructure through the internet and server systems. A POSITA would understand that the presence of the client device reflects the user-facing interface through which users interact with the social network. The diagram therefore depicts the architecture that enables Facebook's platform to present social-network information to users on their devices, including smartphones and desktop computers.

Second, Meta's argument improperly isolates the figure from the surrounding allegations in the Complaint. The Complaint does not rely on this diagram alone. It also includes the other screenshots and descriptions discussed previously of Meta platforms' user interfaces showing friend lists, relationship profiles, and other graphical displays through which users view the relationships within their social network. Those screenshots plainly constitute "user-viewable

display[s] of a social network," because they present to users the individuals within their network and the relationships between them. Accordingly, Meta's argument that the diagram does not show a "user-viewable display of a social network" provides no basis for dismissal.

## III.    The Cases Cited by Meta are Inapposite

Meta relies on several district court decisions dismissing patent complaints that failed to plausibly allege infringement. Those cases are readily distinguishable because the complaints in those cases failed to provide factual allegations explaining how the accused systems operated or how they satisfied the asserted claim limitations. By contrast, the Complaint here identifies the accused platforms, describes their functionality, and explains how those systems implement the claimed social-network features.

Meta's reliance on *ALD Social* is misplaced because that case turned on a fundamental mismatch between the asserted claims and the accused functionality—not a lack of pleading detail. There, the court dismissed the complaint because the patents were directed to detecting and determining risks from crowds—such as predicting riots or mob formation—yet the accused Google products merely provided alerts about natural disasters and did not analyze or determine anything about crowd behavior at all. *ALD Social v. Google LLC*, No. WA-22-CV-972-FB, 2023 WL 3184631, at *4 (W.D. Tex. Mar. 17, 2023). The court determined the "Plaintiff cannot plausibly allege [Defendant's] Accused Products 'determin[e] a crowd risk' or include a 'crowd risk determinant,' and dismissal is therefore appropriate." *Id*. The court emphasized that the plaintiff failed to allege that the accused systems included a required "crowd risk determinant" or made any determination regarding the presence or behavior of a crowd, rendering infringement implausible as a matter of substance, not pleading sufficiency. *Id*. By contrast, Friendship IP's Complaint does not suffer from any such disconnect nor does Meta allege any such disconnect.

The Complaint alleges that Meta's platforms are themselves social-network systems centered on modeling, storing, and displaying user relationships (*i.e.,* a social graph) and that they present those relationships to users through graphical interfaces—functionality that directly corresponds to the asserted claims. Unlike in *ALD Social,* where the accused products operated in an entirely different domain (natural disaster alerts), the accused Meta platforms here operate squarely within the claimed technological field, which Meta does not deny. Accordingly, this case presents a straightforward question of plausibility—not the kind of categorical mismatch that warranted dismissal in *ALD Social*.

In *Contiguity*, dismissal there was driven not by a lack of pleading detail, but by allegations that affirmatively contradicted infringement and depended on an implausible claim construction. The court dismissed the complaint for presenting an implausible infringement theory that asserted claims that required two cameras, each at two different locations, against an accused system that uses only one camera to capture images of passing vehicles from a single location. *Contiguity, LLC v. Conduent Bus. Servs., LLC*, No. W-23-CV-00038-XR, 2024 WL 252068, at *3 (W.D. Tex. Jan. 22, 2024). The court emphasized that dismissal is appropriate where a plaintiff's theory rests on an implausible claim construction or where its own factual allegations "are actually inconsistent with and contradict infringement," such that the plaintiff "pleads itself out of court." *Id*. By contrast, Friendship IP's Complaint contains no such contradictions and does not rely on any strained claim construction. Meta does not even assert that the Complaint presents an implausible infringement theory. Rather, Meta is merely alleging the Complaint fails to address the "friends of a friend" and "user-viewable display of a social network" limitations. However, the Complaint sufficiently asserts plausible allegations for these terms and consistently alleges that Meta's platforms implement the claimed social-network functionality—storing, displaying, and enabling

interaction with user relationships—such that the factual allegations plausibly correspond to the asserted claims. Accordingly, unlike in *Contiguity*, where the plaintiff's own allegations foreclosed infringement as a matter of law, the Complaint here presents a coherent and plausible theory of infringement, and dismissal is unwarranted.

Meta's reliance on *HourExchange* is likewise misplaced because dismissal there was driven by the plaintiff's failure to allege facts addressing a material claim limitation at all, not a lack of element-by-element detail. In *HourExchange*, the court recommended dismissal because the plaintiff identified only a single subpart of one claim and failed to allege that the accused system satisfied other required limitations—most notably a "store module" enabling the purchase of a vacation travel service—without which infringement was impossible. *HourExchange, LLC v. Student Loan Benefits, Inc.*, No. 1:22-CV-00356-RP, 2023 WL 139150, at *3-4 (W.D. Tex. Jan. 9, 2023) ("HourExchange thus fails to allege that Vault's system meets 'each and every element of at least one claim.'"). Critically, however, *HourExchange* expressly confirms that "[a]n element-by-element pleading of fact for each asserted patent claim is not required," and that Rule 12(b)(6) motions are "viewed with disfavor and rarely granted," principles that directly undermine Meta's attempt to impose a heightened pleading standard here. *Id*. at *2-*3. By contrast, Friendship IP does not ignore or omit any material limitation. The Complaint identifies the accused Meta platforms, alleges how they implement the claimed social-network functionality—which plausibly corresponds to the asserted claims, and alleges infringement of all limitations of at least claim 1 of each asserted patent. Dkt. 1 ¶¶ 50-115. Unlike in *HourExchange*, where a key claim requirement was entirely missing from the allegations, the Complaint here provides a coherent and complete theory of infringement, and therefore satisfies the pleading standard.

## IV.  At a Minimum, Plaintiff Should be Granted Leave to Amend

Even if the Court were to find deficiencies in the Complaint, which it should not, dismissal with prejudice would be improper. Under Rule 15, courts should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has repeatedly held that leave to amend should be granted unless amendment would be futile. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Accordingly, if the Court finds any pleading deficiencies, Friendship IP respectfully requests leave to amend its Complaint.

## V.  Conclusion

Because the Complaint plausibly alleges that Meta's platforms practice the claimed inventions, and because Meta's arguments rely on an improper, elevated pleading standard, the Court should deny Meta's Motion to Dismiss.

Dated: March 20, 2026

Respectfully submitted,

**HECHT PARTNERS LLP**

*/s/David L. Hecht*
David L. Hecht (TX Bar No. 24136516)
111 Congress Avenue, Suite 500
Austin, TX 78701
Tel: 212-851-6821
Email: dhecht@hechtpartners.com

Maxim Price (*pro hac vice* forthcoming)
Peter Park (*pro hac vice* forthcoming)
Tremayne Norris (*pro hac vice* forthcoming)
Tanner Murphy (*pro hac vice* forthcoming)
125 Park Avenue, 25th Floor
New York, NY 10017
Email: mprice@hechtpartners.com
       ppark@hechtpartners.com
       tnorris@hechtpartners.com
       tmurphy@hechtpartners.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/ David L. Hecht*
David L. Hecht
